**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **EDUARDO ODANYS PEREZ RODRIGUEZ,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1497-G** |
| **WARDEN, Diamondback Correctional Facility, et al.,** | ) | |
| **Respondents.** | ) | |

# ORDER

Petitioner Eduardo Odanys Perez Rodriguez filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging Petitioner's detention by U.S. Immigration and Customs Enforcement ("ICE"). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Chris M. Stephens for preliminary review. Certain Respondents filed an Answer (Doc. No. 9), and Petitioner replied (Doc. No. 10).[1]

On September 9, 2026, Judge Stephens issued a Report and Recommendation ("R. & R.," Doc. No. 11), recommending that the Petition be granted in part. Respondents timely filed an Objection (Doc. No. 12), to which Petitioner responded (Doc. No. 13).

Pursuant to controlling authority, the Court must make a de novo determination of the portions of the R. & R. to which a specific objection has been made, and the Court may

---

[1] The appearing respondents are: United States Attorney General Todd Blanche; Markwayne Mullin, Secretary of U.S. Department of Homeland Security; and Fred Figueroa, Warden of Diamondback Correctional Facility.

accept, modify, or reject the recommendation in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

*I. Background*

Petitioner is a citizen of Venezuela who entered the United States on or about August 29, 2023. R. & R. at 2. On February 2, 2026, ICE arrested and detained Petitioner, and he is currently in removal proceedings. *Id.*

Petitioner remains detained in ICE custody at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 1. In the Petition, Petitioner challenges his continued detention and seeks an immediate custody review. *See id.* at 2, 6; R. & R. at 3-4.

*II. The Report and Recommendation*

In the R. & R., Judge Stephens determined in relevant part that 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A), governs Petitioner's detention. *See* R. & R. at 7-13 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (2026)); Answer at 4. Accordingly, Judge Stephens concluded that Petitioner is entitled to a bond hearing due to violation of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq. *See* R. & R. at 13-14.[2]

As noted in the R. & R., the Tenth Circuit has held that 8 U.S.C. § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the

[2] "Generally, 8 U.S.C. § 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Bello Rodriguez v. Diamondback Installation Dir.*, No. CIV-26-1188-D, 2026 WL 2364679, at *1 (W.D. Okla. Aug. 14, 2026) (internal quotation marks omitted). "In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing." *Id.* (citing *Santillan Quiroz*, 180 F.4th at 1237 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond)."))

border of the United States. *Santillan Quiroz*, 180 F.4th at 1239. The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Respondents correctly state that this matter is controlled by *Santillan Quiroz*. *See* Resp'ts' Obj. at 1. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. Pet. at 2; *see Santillan Quiroz*, 180 F.4th at 1233. And, as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1234; *see* Pet. at 2; Answer at 4. Accordingly, the mandatory-detention requirement of § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13.

## CONCLUSION

In accordance with the above, the Report and Recommendation (Doc. No. 9) is ADOPTED in relevant part.

IT IS THEREFORE ORDERED:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for relief due to violation of the INA.

2. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

3. Petitioner's pending Motions (Doc. Nos. 14, 15) are DENIED AS MOOT.

4. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

5. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 25th day of November, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge